NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0648n.06

No. 13-2494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 19, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

RAYMOND LAMONT CHEATHAM,

    Defendant-Appellee.

                            /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

ORDER

BEFORE:    CLAY and STRANCH, Circuit Judges; BLACK, District Judge.[*]

The government appeals the district court's order granting Defendant Raymond Lamont Cheatham's motion to suppress evidence. We review the district court's findings of fact for clear error and its conclusions of law *de novo*. *United States v. Shank*, 543 F.3d 309, 312 (6th Cir. 2008). In doing so, however, we review the evidence "in the light most favorable to the district court's conclusion." *United States v. Gooch*, 499 F.3d 596, 600 (6th Cir. 2007).

Defendant was a passenger in a vehicle that was pulled over for driving with a broken taillight. When asked for identification, the driver immediately admitted that he did not have a valid license—a misdemeanor criminal offense. The driver was arrested and locked in the back of the patrol car. At that point, officers returned to the vehicle to "make contact" with Defendant, who was still seated in the passenger seat. The officers did not have any reason to

_____

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

suspect that Defendant was engaged in any criminal activity or that Defendant was armed and dangerous. Nevertheless, the officers ordered Defendant out of the vehicle and told him to put his hands on his head with his fingers interlaced. Officers then began to escort Defendant to the patrol car to search him for weapons and/or drugs. While Defendant was being escorted to the patrol car for a "pat down" search, he broke free and ran away. The officers pursued Defendant, but did not make any audible commands for him to stop.

After Defendant was chased and apprehended by officers, he was searched and found to be carrying a pistol and two bags of hashish, a derivative of marijuana. Defendant was charged with possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. 924(c)(1)(A)(i).

We agree with the district court that the firearm and the hashish recovered during the search are inadmissible because they were recovered in violation of Defendant's Fourth Amendment rights. The district court correctly determined that the purpose of the traffic stop had been accomplished after the driver was arrested, and Defendant was unlawfully detained after the traffic stop was completed. We further agree with the district court's finding that the officers lacked reasonable suspicion to justify prolonging the traffic stop. Under the circumstances, the officers should have advised Defendant that the vehicle was being impounded and informed Defendant that he was free to go.

For the reasons stated by the district court, and for the reasons stated herein, we **AFFIRM** the district court's order granting Defendant's motion to suppress**.**

**IT IS SO ORDERED.**